THE PEOPLE *ex rel.* Charles S. Deneen, State's Attorney,

*v.*

CLEMENT J. BELINSKI.

*Opinion filed December 16, 1903.*

ATTORNEYS AT LAW—*what is ground for disbarment.* For an attorney to falsely represent to his client that he has filed a bill and procured a decree of divorce for him, giving him a copy of a fictitious decree, is cause for disbarment.

INFORMATION for disbarment.

WILLARD M. McEWEN, DAVID S. GEER, JOHN T. RICHARDS, and FRANK B. PEASE, (FRED H. ATWOOD, and LOUIS B. DORR, of counsel,) for the relator.

DARROW & MASTERS, for the respondent.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an information filed in this court by the State's attorney of Cook county, at the instance of the grievance committee of the Chicago Bar Association, for the disbarment of Clement J. Belinski, an attorney admitted to practice by this court on June 15, 1894, and who since that time has been engaged in practicing his profession in the courts of Cook county. The respondent filed an answer denying the charges contained in the information, and the testimony has been taken and reported to this court by a master in chancery.

The questions arising upon this record are questions of fact, and not of law. It clearly appears from the pleadings and proofs that the professional conduct of the respondent has been most reprehensible. He is a foreigner by birth, and his victims, who have testified against him, are people of his nationality. The evidence shows that in the fall of 1900 the respondent was retained by Joseph Piotrowski to procure for him a divorce; that without taking any legal steps towards procuring his divorcement, the respondent falsely and willfully represented to him that he had filed a bill and a decree had been entered in his favor, and gave to him a copy of a fictitious decree; that Piotrowski, relying upon his statements and said copy of a pretended decree for a divorce, thereafter re-married; that he was subsequently arrested and afterwards indicted for bigamy; that soon after the re-marriage of Piotrowski, but before his arrest, the respondent went to his house and represented to him that the number upon the copy of the decree which he had given him was wrong and obtained the possession thereof with a view to have it corrected, and upon obtaining possession thereof refused to return the same to Piotrowski. The evidence further shows that respondent received $50 as fees for his services from Piotrowski.

The respondent admits he was retained by Piotrowski to obtain for him a divorce, but denies that he ever represented to him that he had filed a bill and that a decree of divorce had been entered, or ever gave to him a paper purporting to be a copy of the decree. His statement is uncorroborated, and he is contradicted by the testimony of two witnesses, (in addition to that of Piotrowski,) who testified they went with Piotrowski to the office of the respondent to give evidence in the divorce case; that they accompanied the respondent and Piotrowski to the court house, in Chicago; that they waited for a time, when the respondent said to Piotrowski that he and his witnesses could go home and he would get the divorce. Several witnesses also testified that Piotrowski exhibited to them a copy of a decree for a divorce from his first wife and that the respondent's name appeared thereon as solicitor, and the mother of the second wife testified that before her daughter's marriage to Piotrowski she called upon the respondent and inquired of him if Piotrowski was divorced and had the right to re-marry, and he informed her that he had been divorced from his first wife and had the right to re-marry. Several witnesses also testified they were present when the respondent called at the house of Piotrowski and procured the copy of the decree, at which time he said he desired to have the court correct the number thereon, when he would return the same. A number of the neighbors of the respondent also testified that his general reputation for truth and veracity was bad, and that they would not believe him under oath.

It is impossible for this court to conceive of more unprofessional conduct upon the part of an attorney than for him to represent to an ignorant man who had employed him to obtain for him a divorce, that he had filed a bill and obtained a decree of divorce, and to mislead and deceive him by delivering to him a copy of a fictitious decree, and to represent to the mother of the

woman whom he was about to make his second wife that her prospective son-in-law was divorced, when he had not filed a bill or taken any steps toward obtaining for his client a divorce and when he had not been divorced. The obtaining of money from a client under such circumstances is a gross fraud, and is little better than larceny of the money thus obtained. The harmful results, however, which may follow such misconduct are far more serious than that of thus fraudulently obtaining money from a client. The victim of such misconduct is apt to re-marry and subject himself to a criminal prosecution for bigamy and to conviction and incarceration in the penitentiary, and an innocent woman might find herself, as the result of such conduct, living in an open state of adultery with a man whom she supposed to be her lawful husband, while the children of such union would be illegitimates. An attorney who would practice such a fraud upon a client and upon society is devoid of all principle and is unworthy to belong to the legal profession, and should be immediately disbarred by the court that conferred upon him a privilege which made it possible for him to perpetrate so great a wrong, upon such misconduct being brought to its attention.

The evidence shows that the respondent has been guilty of other unprofessional conduct. The wrong, however, done Piotrowski is of so grave a character as to warrant the disbarment of the respondent, and in view of that fact we have not deemed it necessary to review the evidence in the record, which establishes beyond doubt the other specific charges against the respondent contained in the information.

The rule heretofore entered against the respondent will be made absolute, and an order will be entered striking his name from the roll of attorneys of this court.